# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHRIS CARDONI, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1946 |
| | § | |
| PROSPERITY BANK, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is Prosperity Bank's Rule 59(e) motion to alter or amend order. Dkt. 95. After considering the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND

This matter arises from employment agreements entered into by four Senior Vice President bank employees with Prosperity Bank. Prosperity Bank seeks to enforce certain non-compete, non-disclosure, and non-solicitation provisions in the agreements. Plaintiffs previously filed motions to determine which law applies and for partial summary judgment their its claims related to the enforceability of the non-competition terms of the employment agreements. Dkts. 61, 63. The court ruled that Oklahoma law should govern this dispute (with the exception of the non-disclosure provision, which would be governed by Texas law) and granted plaintiffs' motion for partial summary judgment, finding that the non-solicitation and non-competition provisions violated Oklahoma law. Dkt. 93. Prosperity Bank asks the court to reconsider its ruling in two respects: (1) whether Oklahoma law should apply to Chris Cardoni's claims because all of his business was situated in Texas, and (2) whether the court can reform the non-solicitation provisions of the

employment agreements under Oklahoma law. Dkt. 95. The court does not find that reconsideration or modification of its previous ruling is warranted on either ground.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but courts in the Fifth Circuit may treat motions for reconsideration as either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). If the motion is filed within 28 days of the entry of the order that the party wants reconsidered, the motion to reconsider is treated as a Rule 59(e) motion. FED. R. CIV. P. 59(e) (allowing a party to alter or amend a judgment "no later than 28 days after the entry of judgment"); *Shepherd*, 372 F.3d at 328 n.1 (stating this rule but relying on the ten-day period in the former Rule 59(e) rather than twenty-eight day period adopted in 2009). Otherwise, it is considered a Rule 60(b) motion. *Id.* Here, the motion was filed within 28 days of the order, and therefore, the court will construe it as a Rule 59(e) motion.

A motion to reconsider pursuant to Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1989)). Rather, Rule 59(e) allows parties "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III. ANALYSIS

Prosperity Bank seeks reconsideration of the court's order on two grounds. First, Prosperity

Bank argues that Oklahoma law should apply to the claims involving plaintiff, Chris Cardoni, because his work was based in Texas. Secondly, Prosperity Bank requests that the court judicially reform the non-solicitation provisions in the employment agreements in accordance with Oklahoma law. The court will address each issue in turn, but finds no reason to disturb its previous ruling.

With respect to the application of Oklahoma law, Prosperity Bank urges this court to reconsider its holding that Oklahoma should apply to the non-competition provisions because the court relied on the erroneous premise that Chris Cardoni performed the majority of his work in Oklahoma. Prosperity Bank offers no new no evidence and only reiterates the same arguments already considered by this court. Prosperity Bank's characterization that all of Cardoni's work was in Texas is at odds with Cardoni's affidavits. Cardoni averred that he held a supervisory role over energy lenders in Oklahoma and Texas and that he inherited "six accounts with Texas customers." Dkt. 61, Ex. A. Otherwise, "the great majority of the Plaintiffs' non-inherited customers [were] persons or companies located in Oklahoma or states other than Texas." *Id.* Further, the court relied not only on the location of plaintiffs' work, but also the residence of plaintiffs, the location of the negotiations surrounding the employent agreements, the terms of the employment agreements, and the specific nature of Prosperity Bank's claims against plaintiffs. The court previously considered the same evidence and arguments presented by Prosperity Bank, and therefore, declines to reconsider its position.

Additionally, Prosperity Bank requests that the court reform the non-solicitation provisions in order to make them enforceable under Oklahoma law. The non-solicitation provisions at issue provide:

> 6.3　Employee Obligations.　Employee agrees that, for the Non-Competition Period, Employee will not, except as an employee of the Bank or Employer, in any capacity for Employee or others, directly or indirectly:
>
>     . . .
>
> (c)　call on, service or solicit competing business from customers or prospective customers of the Bank or Employer if, within the twelve (12) months before the termination of Employee's employment with the Bank or Employer, Employee had or made contact with the customer, or had access to information and files about the customer.

*Id.* at Exs. A-1 - A-4.

Judicial reformation of non-competition provisions is permitted under Oklahoma law; however, "[c]ourts cannot supply material terms of a contract or read in terms not contained therein." *Bayly, Martin & Fay, Inc. v. Pickard*, 780 P.2d 1168, 1175 (Okla. 1989). Judicial modification is not appropriate if "the contractual provisions would have to be substantially rewritten to cure multiple defects." *Howard v. Nitro-Lift Technologies, L.L.C.*, 273 P.3d 20, 23, 29 (Okla. 2011) (refusing to modify non-solicitation provision that prohibited solicitation of previous customers), *rev'd on other grounds*, 133 S. Ct. 500.

The governing Oklahoma statute authorizes an employee to "engage in the same business as that conducted by the former employer . . . as long as the former employee does not directly solicit the sale of goods, services or a combination of goods and services from the established customers of the former employer." OKLA. STAT. tit. 15, § 219A. "Established customers" has been interpreted by the Oklahoma Supreme Court to mean "those businesses and customers wherein a relationship was ongoing and anticipated to continue into the future." *Howard*, 273 P.3d at 29.

In this case, the non-solicitation provisions are unsuitable for reformation given the significant changes that the court would have to make in order to bring them within the bounds of

4

section 219A. The non-solicitation provisions prohibit plaintiffs from directly or indirectly calling on, servicing, or soliciting competing business from customers or prospective customers, if plaintiffs had contact with the customer or had access to information about the customer within one year preceding their termination. Prosperity Bank contends that the court could simply strike the phrase 'or prospective customers' to make the provision enforceable. However, even striking the phrase 'or prospective customers' still does not limit the provisions' application to direct solicitation of established customers.

First, the court would need to strike not only 'or prospective customers,' but would also need to strike 'indirectly,' both of which are plainly excluded by the statute. The court would also have to strike 'call on' and 'service' because, as written, plaintiffs would be prohibited from calling on or servicing any previous or prospective customers. Oklahoma courts have expressly found it impermissible to limit an employee's ability to contact previous or prospective customers or service past, present, or future customers, who were not directly solicited by the employee. *Bayly, Martin & Fay*, 780 P.2d at 1175 ("Where no active solicitation has occurred," restraint on an employee's dealings with former clients is unenforceable.); *Inergy Propane, L.L.C. v. Lundy*, 219 P.3d 547, 560 (Okla. Civ. App. 2008); *Vanguard Envtl., Inc. v. Curler*, 190 P.3d 1158, 1168 (Okla. Civ. App. 2008).

Furthermore, the additional limitation that plaintiffs cannot solicit customers if the plaintiffs had contact with the customers, or had access to information about the customers within one year preceding their termination is problematic on several levels. First, it is questionable under Oklahoma law whether a person or company who has not done business with Prosperity Bank within the last 11 months, but only before the year anniversary of plaintiffs' terminations, would be considered an

established customer within the meaning of the statute. *Inergy Propane*, 219 P.3d at 560. Second, limiting solicitation of all customers if the plaintiffs conceivably could have had access to their information also would impermissibly include customers who plaintiffs never did business with, one time customers, or former customers. By reforming the non-solicitation provisions at issue here, the court would be required to excise significant portions of the provisions and add or read into the provisions material terms which are not there. Such a fundamental redrafting is prohibited under Oklahoma law. Thus, the expansive scope of the non-solicitation provisions in the employment agreements prevents judicial modification.

## IV. Conclusion

For the reasons stated herein, the court declines to reconsider its previous rulings in Docket Number 93. Prosperity Bank's motion for reconsideration (Dkt. 95) is DENIED. Prosperity Bank also requested that a temporary restraining order be issued pending the resolution of this motion. The resolution of this motion renders Prosperity Bank's request moot.

It is so ORDERED.

Signed at Houston, Texas on November 18, 2014.

_____
Gray H. Miller
United States District Judge