UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRIS CARDONI, *et al.*, | § | |
| | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1946 |
| | § | |
| PROSPERITY BANK, *et al.*, | § | |
| | § | |
|     *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

The court has previously denied Prosperity Bank's ("Prosperity") several motions for temporary restraining order, preliminary injunction, and permanent injunction. Dkts. 93, 114, 133, 139. Prosperity is appealing those orders and now seeks an injunction pending appeal. Dkt. 137. After considering the submissions of counsel and the applicable law, the court determines that Prosperity's motion for injunction pending appeal should be DENIED.

**I. BACKGROUND**

The court laid out the factual background of this case in its previous orders. Dkts. 93, 114, 133. No additional facts have been presented to the court since that time, and the court does not find it necessary to reiterate the factual background of this case.

**I. LEGAL STANDARD**

Prosperity seeks an injunction pursuant to Fed. R. Civ. P. 62(c), which authorizes courts to grant injunctions pending appeal of an order denying injunctive relief. A party is generally entitled to an injunction pending appeal only when it can show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the party whom it seeks to enjoin; and (4) that

granting the injunction will not disserve the public interest. *See Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011); *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992).

The requirement of substantial likelihood of success is relaxed pending appeal in certain circumstances which Prosperity argues are applicable in this case. *See* Dkt. 137. Where there is a "serious legal question and the balance of the equities heavily favors" the injunction, the party seeking the injunction pending appeal "only needs to present a substantial case on the merits." *Weingarten*, 661 F.3d at 910 (citing *U.S. v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 40 (5th Cir. 1983)).

## II. ANALYSIS

The court analyzed the four factors governing requests for injunctive relief in its previous orders denying Prosperity's request for such relief. *See* Dkts. 93, 114, 133, 139. The factors applicable to Prosperity's original request are identical to those applicable to Prosperity's request for an injunction pending appeal. Since the facts are also identical, the outcome is identical as well. Based on its analysis laid out in previous orders, the court finds that Prosperity is not entitled to injunctive relief pending appeal under the generally applicable four-factor analysis. *See* Dkts. 93, 114, 133, 139.

The court also finds that this case does not present a "serious legal question," and Prosperity is not entitled to application of *Baylor*'s less rigorous requirement. In *Baylor*, the court was considering Medicare and Medicaid payments in a case impacting relations between the states and the federal government. *See Baylor*, 711 F.2d at 40. There is no similar question in this case, and the Fifth Circuit has found the *Baylor* standard inapplicable to private contractual disputes. *Weingarten*, 661 F.3d at 910. Because this is a private contractual dispute, the alternative analysis

of *Baylor* is not applicable in this case, and Prosperity's failure to satisfy the four-factor test as outlined in the court's previous orders determines the court's decision here. Prosperity is not entitled to injunctive relief pending appeal.

### III. CONCLUSION

Prosperity Bank's application for injunctive relief (Dkt. 137) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on January 29, 2015.

                                                   _____
                                                        Gray H. Miller
                                            United States District Judge