IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRIS CARDONI, WESLEY WEBB, TERRY BLAIN, and BILLY SHAFFER <br><br> VS. <br><br> PROSPERITY BANK, ERIC DAVIS, AND ANTHONY DAVIS | § § § § § § § § § <br><br> CIVIL ACTION NO. 4:14-cv-01946 |

**PLAINTIFFS' CONDITIONAL MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING TEXAS BUSINESS AND COMMERCE CODE BAR OF DAMAGE CLAIMS**

JOYCE + MCFARLAND LLP

/s/ *Jeff Joyce*
Jeff Joyce
State Bar No. 11035400
Federal ID No. 10762
Huma Ali
State Bar No. 24082617
Federal ID No. 2118747
712 Main Street, Suite 1500
Houston, Texas 77002
Telephone: 713.222.1113
Facsimile: 713.513.5577
jjoyce@jmmllp.com

**ATTORNEYS FOR PLAINTIFFS**

TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................................... ii
TABLE OF AUTHORITIES ............................................................................................................... iii
INTRODUCTION ................................................................................................................................. 1
SUMMARY OF ARGUMENT ............................................................................................................ 1
SUMMARY JUDGMENT EVIDENCE ............................................................................................. 2
ARGUMENT .......................................................................................................................................... 2
   1. The non-competition provisions are unenforceable as a matter of law. ............................ 2
   2. The remaining terms – the non-solicitation provisions – are unreasonable as a matter of law. ........................................................................................................................................ 4
      (a) The "servicing" prohibition of the non-solicitation provision is unreasonable. ............ 5
      (b) The "had access" provision of the non-solicitation clause is also unreasonable. .......... 6
   3. Reformation of a non-compete covenant bars any claims to damages. .............................. 8
CONCLUSION/PRAYER .................................................................................................................... 9
CERTIFICATE OF SERVICE ............................................................................................................ 9

# TABLE OF AUTHORITIES

## CASES

*Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787 (Tex. App.—Houston [1st Dist.] 2001, no pet.) .................................................................................................................. 1

*Frankiewicz v. Nat'l Comp Associates*, 633 S.W.2d 505 (Tex. 1982) ...................................... 2, 3

*Franlink, Inc. v. GJMS Unlimited, Inc.*, 401 S.W.3d 705 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ................................................................................................................. 1, 2

*Marsh USA Inc. v. Cook*, 354 S.W.3d 764 (Tex. 2011) ................................................................ 1

*Wright v. Sport Supply Group, Inc.*, 137 S.W.3d 289 (Tex. App.-- Beaumont 2004, no pet.) ....... 8

## STATUTES

Tex. Bus. & Comm. Code § 15.51(c) ............................................................................... 1, 2, 3, 8

Texas Business Organizations Code § 152.212 ............................................................................ 7

INTRODUCTION

Plaintiffs Chris Cardoni, Wesley Webb, Terry Blain, and Billy Shaffer ("Plaintiffs" or "Employees") file this Conditional Motion for Partial Summary Judgment for an order declaring that Prosperity is barred from recovering any damages under Tex. Bus. & Comm. Code § 15.51(c). On August 29, 2016, Plaintiffs filed a Motion for Partial Summary Judgment declaring the non-solicitation provision unenforceable as a matter of law (Doc. No. 165); that motion is pending. In conjunction with that motion, Plaintiffs file this conditional motion – relevant only if the other motion is not granted – to declare that Prosperity is not entitled to damages premised on a claimed breach of the non-competition and non-solicitation terms of the employment agreements ("Agreements") – as the Agreements contain unreasonable non-competition provisions which must reformed if they are to be enforced at all. An early resolution of this discrete point will have a far-ranging impact on the scope of discovery and the overall trajectory of this case.

SUMMARY OF ARGUMENT

Under the plain language of Tex. Bus. & Comm. Code § 15.51(c)[1], "the court *may not award the promisee damages for a breach of the covenant [not to compete] before its reformation and the relief granted to the promisee shall be limited to injunctive relief.*" *See, e.g., Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 796 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (applying section 15.51, money damages were precluded in light of reformation); *see also Franlink, Inc. v. GJMS Unlimited, Inc.*, 401 S.W.3d 705, 712 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (providing "section 15.51 reflects the corollary intent to *discourage* the

---

[1] § 15.51(c) applies to both non-competition and non-solicitation covenants. *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 768 (Tex. 2011) ("Covenants that place limits on former employees' professional mobility or *restrict their solicitation* of the former employers' customers and employees are restraints on trade and are governed by the Act.")(emphasis added).

enforcement of unreasonable covenants not to compete by precluding a promisee from obtaining an award of either damages or attorney's fees when it seeks to enforce a covenant so overly restrictive that it requires reformation").

Prosperity may not recover monetary damages under the express language of Tex. Bus. & Comm. Code § 15.51(c) as the Court and the Fifth Circuit have already determined that portions of the non-competition provisions which Prosperity attempted to enforce are void and unenforceable. As for the remaining non-solicitation provisions, if the non-solicitation clauses can be enforced – a proposition not yet established in this case – they can only be enforced to a *reasonable* extent, requiring reformation and barring damages.

SUMMARY JUDGMENT EVIDENCE

This motion is supported by the following declarations:

- Exhibit A – Declaration of Chris Cardoni
- Exhibit B – Declaration of Wesley Webb
- Exhibit C– Declaration of Terry Blain
- Exhibit D – Declaration of Billy Shaffer

ARGUMENT

**1.   The non-competition provisions are unenforceable as a matter of law.**

The Court and the Fifth Circuit held that the non-competition covenants of the Agreements are unenforceable under Oklahoma Law. *See* Doc. No. 93 at p. 24; Doc. No. 158 at pp. 23-24. Under Texas law, for purposes of monetary damages, "a restrictive covenant must stand or fall as written." *See Frankiewicz v. Nat'l Comp Associates*, 633 S.W.2d 505, 507 (Tex. 1982). In a case seeking damages, the covenant may not be modified or reformed by the court to

render it reasonable and enforceable. *Id.* As a result, an action for damages may not be predicated upon the breach of an unenforceable, unreasonable noncompetition clause. *Id.*

Prosperity's live pleading seeks to enforce all the non-compete provisions of the Agreements under Texas law in accordance with the Agreements' choice of law provision, including the unenforceable non-competition covenants.[2] *See* Doc. No. 90 at pp 11-14. The Texas choice of law provision is itself an unreasonable term attempting to bootstrap into greater restraint than is reasonable or lawful. Consequently, the Court held that the Texas choice of law provision did not apply to the non-competition provisions.

Plaintiffs have found no case on point in which the non-competition and non-solicitation covenants are governed by different state laws as in the present case. However, a plain reading of 15.51(c) suggests that because Prosperity seeks to enforce all the non-compete covenants under Texas law, the non-competition provisions are in substance blue lined out of the Agreements (applying Texas choice of law principles to the non-competes). Simply put, enforcement of less than the total relief sought by Prosperity (all non-compete covenants) means that the Agreements must be reformed, as they would not be enforced *as written*. Consequently, the prior rulings in this case as to the invalidity of a non-compete provisions of the Agreements are, by definition, a "blue lining" and preclude Prosperity from seeking damages.

Moreover, despite the fact that the non-competition covenants are unenforceable under Oklahoma law, a common sense approach to the damages aspect of the case would apply the test of reasonableness to the Agreements as a whole in order to protect the rights of all parties. It would be an anomaly to hold that in considering the question of damages to be recovered the contract could be reduced to cover only the non-solicitation provision, which is also unreasonable, and not the unenforceable non-competition covenants, especially given their

---

[2] Notably, Prosperity's live pleading does not seek reformation of the unreasonable Agreement.

interrelatedness. Because of the broad scope of the non-solicitation provision, the effect of both the non-solicitation and non-competition covenants constitutes a restraint of the Employees' ability to compete as discussed below. Thus, the non-solicitation provision must be construed to be harmonized with the ruling that the non-competition provisions are unenforceable. Because Prosperity has sought to enforce all of the non-compete terms, including the non-competition sections (§ 6.3 (a) and (b) of the Agreements), regardless of whatever else may occur throughout the remainder of this case, at a minimum, the final judgment will not enforce sections 6.3(a) and (b), precluding an award of any damages to Prosperity as a matter of law.

**2.    The remaining terms – the non-solicitation provisions – are unreasonable as a matter of law.**

The non-solicitation clause provides that the employees may not:

> **§ 6.3(c)**: call on, service, or solicit competing business from customers or prospective customers of the Bank or Employer if, within twelve (12) months before the termination of Employee's employment with Bank or Employer, Employee had or made contact with the customer or had access to information and files about the customer.

A plain reading of the non-solicitation provision demonstrates that it is unreasonably broad and cannot be enforced as it stands. Specifically, the prohibitions on the Employees "servicing" customers and dealing with Prosperity's customers as to which the Employees "had access" to customer information and files is unreasonably broad and does not protect a valid business interest.[3] Notably, the Court's explanation as to why the non-solicitation provisions were unreasonable under Oklahoma law is equally applicable as to why the provisions are likewise unreasonable under Texas law.

> . . . the additional limitation that plaintiffs cannot solicit customers if the plaintiffs had contact with the customers, or had access to information about the

---

[3] The Employees address only two of the offending phrases of the non-solicitation provisions as they adequately demonstrate the basis for the present motion. Employees reserve the right to address other infirmities with the non-solicitation clauses as and if the case progresses.

> customers within one year preceding their termination is problematic on several levels. . . . Second, limiting solicitation of all customers if the plaintiffs conceivably could have had access to their information also would impermissibly include customers who plaintiffs never did business with, one time customers, or former customers. By reforming the non-solicitation provisions at issue here, the court would be required to excise significant portions of the provisions and add or read into the provisions material terms which are not there. Such a fundamental redrafting is prohibited under Oklahoma law. Thus, the expansive scope of the non-solicitation provisions in the employment agreements prevents judicial modification.

See Memorandum & Order Denying Prosperity's Emergency Motion (Doc. No. 114 at pp.5-6).

### (a) The "servicing" prohibition of the non-solicitation provision is unreasonable.

Nothing in the Agreements specifically defines or limits what is meant by the term "service."[4] Given the plain meaning of the language within the clause regarding the terms "call on, service or solicit," "service" must refer to all aspects of work done on behalf of a customer or client, including handling account issues, coordinating account information, and responding to calls. On its face, this is a prohibition on the Employees' ability to perform relevant functions of their position. That is, whether or not the Employees solicited the customer's business, the "no service" prohibition means the Employees cannot handle accounts of Prosperity's customers or prospective customers if within twelve (12) months before their termination they had or made contact with the customer or had access to information and files about the customer ("off-limits customer"). In essence, this "no service" prohibition unreasonably serves as an additional non-competition provision when the express non-competition clauses have been held invalid and unenforceable.

A straightforward application and enforcement of this overly broad language would lead to absurd and untenable consequences. For example, if an off-limits customer, already doing business at the Employee's new place of employment through no act of the Employee, called

---

[4] In context, "service" means: "to provide (someone) with something that is needed or wanted." Merriam-Webster's Dictionary.

5

Employee to inquire about any of the customer's account information, the "no service" language of the non-solicitation clause would bar the Employee from simply picking up the phone and speaking with the customer. The broad non-solicitation clause, literally worded, would mean the Employee would be improperly "servicing" the client regardless of whether or not it was for the purpose of inducing that client to open up an account or taking any action for which Prosperity would otherwise claim protection. Similarly, if an Employee were to accept a call relating to any banking business from an off-limits customer who was a customer of Prosperity and the Employee's new employer, the Employee would be in violation of the non-solicitation provisions.

The "service" language of the non-solicitation clause at issue is patently overbroad and would lead to the absurd consequences noted above. Moreover, an application of such oppressive and unreasonable language prevents fair competition by imposing a far greater restraint than is necessary to protect Prosperity's legitimate business interests. Accordingly, the non-solicitation provision is unreasonable, and therefore the non-solicitation provision must be reformed.

## (b) The "had access" provision of the non-solicitation clause is also unreasonable.

The Court has already directly addressed the reason why the phrase "had access" to information and files about the customer is problematic: "limiting solicitation of all customers if the plaintiffs *conceivably could have had access* to their information also would impermissibly include customers who plaintiffs never did business with, one time customers, or former customers." *See* Doc. No. 93 at pp. 5-6 (emphasis added). As it stands, this phrase contained within the non-solicitation covenant operates as an impermissible industry-wide restraint by preventing Employees from calling on any customers of Prosperity since the Employees had

6

theoretical access to all Prosperity customer information, whether the Employee in fact actually accessed the information. See Exs. A-D at ¶ 2.

The language of the Agreement describes the off-limits customers in a way that impermissibly includes all customers of Prosperity. The exact words of the clause show the over breadth: the off-limits customers are those Prosperity customers if, "within twelve (12) months before the termination of Employee's employment, Employee *had access to* information and files about the customer." The phrase "had access to" commonly signifies the ability or opportunity to inspect or review. In other words, the customers ensnared in the off-limits list are those for whom the employees could theoretically review or inspect records – whether the employee actually reviewed the records or not. In a similar context, the Texas Business Organizations Code § 152.212 definition of "access" (as it relates to access to a corporation's records) is instructive and relevant to the meaning of "access" within the context of the Agreements. This section expressly adopts the commonly understood meaning of this plain language. The statute states: "(a) In this section, 'access' includes the *opportunity* to inspect and copy books and records during ordinary business hours." Simply put, this phrase – "had access" to information and files about the customer –includes the mere ability to have access, and is not limited to actual access. As the Court already noted, the term includes Prosperity customers as to which the Employees "conceivably could have had access".

Despite the fact that the Employees did not have *actual* access to the information of many customers beyond those to whom they were actually assigned account responsibility, because they had the *ability* (opportunity) to access the files of virtually everyone and anyone doing business with Prosperity means the non-solicitation clause "limitation" on the barred customers is actually no limitation, and, instead, a description of <u>all</u> Prosperity customers.

7

As established, Texas courts will **not** enforce covenants that contain such blanket provisions that prevent an employee from any direct or indirect involvement in any similar or related business from contacting customers with whom he or she had no contact during their previous employment. *Wright v. Sport Supply Group, Inc.*, 137 S.W.3d 289, 291-93 (Tex. App.--Beaumont 2004, no pet.)  (holding that a non-compete covenant that extends to clients with whom a salesman had no dealings during his employment is unenforceable).

Consequently, to reform the Agreements to meet the requirements of Texas law, material terms would have to be added to make clear that access to customer information or files means actual access, and not simply the purely theoretical ability of an Employee to have sought and obtained access. The proper grammatical construction to limit this to actual access would state "customers whose information the Employee *accessed*" or, to be even clearer, "customers whose information the Employee *actually accessed.*" Accordingly, the non-solicitation provisions are unreasonably broad and must be reformed.

3.       **Reformation of a non-compete covenant bars any claims to damages.**

Any reformation at all bars Prosperity's claim for damages. The Texas Business and Commerce Code § 15.51(c) states the following:

> . . . the court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee and enforce the covenant as reformed, except that the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief.

Accordingly, Prosperity's claim for damages premised upon a claimed breach of the unreasonable and unenforceable non-competition and non-solicitation clauses is barred.

## CONCLUSION/PRAYER

The Agreements are unreasonably broad and may not be enforced as written. Whatever else may occur in this case, it is clear that, as a matter of law, the Agreements must be reformed if they are to be enforced to any extent. For that reason, Prosperity is barred from recovering damages.

Respectfully Submitted,

**JOYCE + MCFARLAND LLP**

*/s/ Jeff Joyce*
Jeff Joyce
State Bar No. 11035400
Federal ID No. 10762
Huma Ali
State Bar No. 24082617
Federal ID No. 2118747
712 Main Street, Suite 1500
Houston, Texas  77002
Telephone: 713.222.1113
Facsimile: 713.513.5577
jjoyce@jmmllp.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on August 29, 2016 a true and correct copy of the foregoing was served in a manner prescribed by the Federal Rules of Civil Procedure to:

Jay Aldis
Jessica Lee Freedson
Bracewell LLP
711 Louisiana St., Suite 2300
Houston, Texas 77002

*/s/ Jeff Joyce*
Jeff Joyce

9